UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

THE PINKFONG COMPANY, INC.,

                                                 Plaintiff,

                     -against-

ADS-SS, AGQT DIRECT, ALIGHT PRODUCT,
AONIMOWUJINDIAN US, BALLIZAO, BAOKKE,
BEAUTIFUL WEEKEND, BLOSSM, BOLMQHTS,
CSNSD, DHEKAEI, ESTARPRO, EVERGREEN
FOR YOU, GZJF-US-US,
HAIKOUWURUNXIAOSHOUYOUXIANGONGSI1,
HFCKMYYXGS, JICHANGZHOUXIANSUI,
LEYUAN STORE, LIZHENMENGD,
LKJHGFDGFJJGFJ, MYRISAM, SATISFYING
PARTY US, SLOZVNEG, SZSLPKJ007, TENGYI
DIRECT, TIHUPRLY, WSSERD-US, XIAO WEN
GIFT, YAMATCH®, YANQIU US, YANXIN123,
YOUCWC, ZHANG ZHEN JIN COMMUNICATION
EQUIPMENT STORED,
ZHANGJIEHAOMAOYIYOUXIANZERENGONGSI,
ZHENRONG BAIHUO, ZUZU BOOM AND 佛山市
万飞翔商贸有限公司 A/K/A FOSHAN
WANFEIXIANG TRADING CO., LTD.,

                                       Defendants.

------------------------------------------------------------------------X

23 Civ. 3793 (LGS)

**<u>ORDER</u>**

WHEREAS, Plaintiff The Pinkfong Company, Inc. brings by way of Order to Show Cause an application for entry of a Preliminary Injunction against Defendants.

WHEREAS, on May 31, 2023, a conference was held regarding Plaintiff's application for a preliminary injunction.  No Defendants appeared.

WHEREAS, the Court has personal jurisdiction over Defendants because Defendants are subject to personal jurisdiction under CPLR § 302(a)(1), and exercising personal jurisdiction over Defendants comports with the Due Process Clause of the U.S. Constitution.  *See Edwardo v. Roman Cath. Bishop of Providence*, 66 F.4th 69, 73 (2d Cir. 2023) ("To determine whether jurisdiction

exists over a non-domiciliary, we first consider whether the state's long-arm statute provides a

statutory basis for jurisdiction and, if so, whether exercising personal jurisdiction would comport

with due process.").

WHEREAS, Defendants are subject to personal jurisdiction, as the New York long-arm

statute provides a statutory basis for jurisdiction through its "transacting business" provision.

*See* CPLR § 302(a)(1).  "The CPLR 302(a)(1) jurisdictional inquiry is twofold: under the first

prong the defendant must have conducted sufficient activities to have transacted business in the

state, and under the second prong, the claims must arise from the transactions."  *Al Rushaid v.*

*Pictet & Cie*, 68 N.E.3d 1, 7 (N.Y. 2016).   Under the first prong, "[e]xamination of a

defendant's actions in New York is primarily a fact-based inquiry that requires an assessment of

whether the non-domiciliary's activities in the state were purposeful."  *State v. Vayu, Inc.*, 206

N.E.3d 1236, 1238 (N.Y. 2023).[1]  "Purposeful activities, this Court has explained, are volitional

acts by which the non-domiciliary avails itself of the privilege of conducting activities within the

forum State, thus invoking the benefits and protections of its laws."  *Id.*  To satisfy the second

prong, "the plaintiff's cause of action must have an articulable nexus or substantial relationship

with the defendant's transaction of business here."  *D & R Glob. Selections, S.L. v. Bodega*

*Olegario Falcon Pineiro*, 78 N.E.3d 1172, 1176 (N.Y. 2017).  Here, Defendants operate

interactive merchant storefronts on Amazon.com, allowing New York consumers to inquire and

communicate with Defendants and purchase goods, including counterfeit versions of Plaintiff's

Baby Shark products ("Counterfeit Products"), by and through Defendants' listings, and upon

completion of a sale, likely ship goods to New York.  Plaintiff's causes of action alleging

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

trademark counterfeiting, infringement of registered trademarks, infringement of unregistered trademarks, false designation of origin, copyright infringement and unfair competition have an "articulable nexus" with Defendants' transaction of business in New York, as Plaintiff alleges the Counterfeit Products infringe on its trademarks and copyrights.  *See id.*

WHEREAS, exercising personal jurisdiction over Defendants comports with the Due Process Clause of the U.S. Constitution.  "In the context of personal jurisdiction, due process demands that each defendant over whom a court exercises jurisdiction have some minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *In re Platinum & Palladium Antitrust Litig.*, 61 F.4th 242, 269 (2d Cir. 2023).  "This inquiry usually proceeds in two steps -- an analysis of whether each defendant has minimum contacts with the forum state, and an analysis of whether exercising jurisdiction would comport with fair play and substantial justice." *Id.*  Plaintiff has shown "minimum contacts" because Defendants "deliberately chose" to sell its products in New York and thereby benefit from profits earned through New York customers.  *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 171 (2d Cir. 2013) (finding minimum contacts where defendant "deliberately chose" to process wire transfers using New York's banking system, the "instrument for accomplishing the alleged wrongs for which the plaintiffs seek redress").  Exercising jurisdiction here would also "comport with fair play and substantial justice." *See In re Platinum & Palladium Antitrust Litig.*, 61 F.4th at 269.  Because Defendants' products are available to be sold, and are likely sold in New York, the forum has an interest in the resolution of the dispute.  *See id.* at 273-74 (finding district court's assertion of personal jurisdiction over two international companies reasonable under the second step of the due process inquiry).

WHEREAS, "[t]o obtain a preliminary injunction, [a plaintiff] must show (1) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor, (2) that they are likely to suffer irreparable injury in the absence of an injunction, (3) that the balance of hardships tips in [its] favor, and (4) that the public interest would not be disserved by the issuance of a preliminary injunction." *Mendez v. Banks*, 65 F.4th 56, 63-64 (2d Cir. 2023).

WHEREAS, Plaintiff has established a likelihood of success on the merits. "To establish a claim of copyright infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. To satisfy the second element, a plaintiff must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's work." *Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 66 (2d Cir. 2020). Plaintiff offers evidence it owns valid copyright registrations. Plaintiff also offers evidence of Defendants' allegedly infringing products, which look substantially similar to Plaintiff's products and are sold without Plaintiff's consent.

WHEREAS, Plaintiff has sufficiently shown it is likely to suffer irreparable harm because there is a similarity between the products, and there is injury to Plaintiff's business, value, goodwill and reputation, if the offending products continue to be sold. Plaintiff has also shown the balance of hardships favors it, due to the hardship caused by the Defendants' infringement and the lack of any hardship to Defendants in having to comply with copyright law. Finally, issuance of the injunction would serve the public interest, because it would dispel public confusion and because respect for intellectual property rights is in the public interest. It is hereby

**ORDERED** that the injunctive relief initially granted in the Temporary Restraining Order ("TRO") on May 9, 2023, and later extended on May 15, 2023, shall remain in place through the pendency of this litigation and issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65.  The defined terms stated below have the same meaning as those in the TRO.  It is further

**ORDERED** that:

1.      Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

a.      manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Baby Shark Marks and/or Baby Shark Works and/or marks or works that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Baby Shark Marks and/or Baby Shark Works;

b.      operation of Defendants' Merchant Storefronts insofar as such Merchant Storefronts have offered for sale and/or sold Counterfeit Products, including, without limitation, continued operation of Defendants' Merchant Storefronts that have offered for sale and/or sold Counterfeit Products in violation of this Order;

c.      directly or indirectly infringing in any manner Plaintiff's Baby Shark Marks and/or Baby Shark Works;

d.      using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Baby Shark Marks and/or Baby Shark Works to identify any goods or services not authorized by Plaintiff;

e.      using Plaintiff's Baby Shark Marks and/or Baby Shark Works or any other marks or artwork that are confusingly or substantially similar to the Baby Shark Marks and/or Baby Shark Works on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

f.      using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

g.      secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

6

h.     effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

i.     knowingly instructing any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a) through 1(h) above and 2(a) through 3(a) below.

2.     Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

a.     secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

3.     Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements are restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

a.      Operation of Defendants' Merchant Storefronts that have offered for sale and/or sold Counterfeit Products, including, without limitation, continued operation of Defendants' Merchant Storefronts that have offered for sale and/or sold Counterfeit Products in violation of this Order; and

b.      Instructing, aiding or abetting Defendants and/or any person or business entity to engage in any of the activities referred to in subparagraphs 1(a) through 1(h), 2(a) above and 3(a) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' Merchant Storefronts that have offered for sale and/or sold Counterfeit Products in violation of this Order.

4.      As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

a.      within five (5) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

5.      As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

a.   Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

b.   Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c.   Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control, relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

    i.       account numbers;

    ii.      current account balances;

    iii.     any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

    iv.     any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents,

and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

v.      any and all deposits and withdrawal during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

vi.      any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

d.      Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

i.      any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

ii.      the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO;

iii.      the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

iv.      Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Baby Shark Marks and/or Baby Shark Works and/or marks or works that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Baby Shark Marks and/or Baby Shark Works.

6.     As sufficient cause has been shown, and pursuant to FRCP 4(f)(3) and Article 1 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") for reasons explained in the TRO, service may be made on, and shall be deemed effective as to all Defendants if it is completed by the following means:

a.    delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses as identified by Amazon pursuant to Paragraph V(C) of the TRO or may otherwise be determined.

7.    As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

a.    delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

b.    delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy of this Order or (iii) a link to a secure website where Amazon.com, Inc. and Amazon Pay will be able to download a PDF copy of this Order via electronic mail to tro-notices@amazon.com;

c.    delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Manager at customerservicemanager@payoneer.com and subpoenas@payoneer.com and Holly Clancy and Melissa Godwin, counsel for Payoneer Inc. at

Holly.Clancy@us.dlapiper.com       and       Melissa.Godwin@dlapiper.com, respectively; and

d.    delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department legal@pingpongx.com.

8.    Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

9.    The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

10.    This Order shall remain in effect during the pendency of this action, or until further order of the Court.

11.    Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

12.    The Clerk of Court is respectfully directed to unseal this action.  The parties shall file all previously submitted documents in this case on the public docket by **June 9, 2023**.

Dated: June 2, 2023
         New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

13