Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiff*
*The Pinkfong Company, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PINKFONG COMPANY, INC., <br><br> *Plaintiff* <br><br> v. <br><br> ADS-SS, AGQT DIRECT, ALIGHT PRODUCT, AONIMOWUJINDIAN US, BALLIZAO, BAOKKE, BEAUTIFUL WEEKEND, BLOSSM, BOLMQHTS, CSNSD, DHEKAEI, ESTARPRO, EVERGREEN FOR YOU, GZJF-US-US, HAIKOUWURUNXIAOSHOUYOUXIANGONGSI1, HFCKMYYXGS, JICHANGZHOUXIANSUI, LEYUAN STORE, LIZHENMENGD, LKJHGFDGFJJGFJ, MYRISAM, SATISFYING PARTY US, SLOZVNEG, SZSLPKJ007, TENGYI DIRECT, TIHUPRLY, WSSERD-US, XIAO WEN GIFT, YAMATCH®, YANQIU US, YANXIN123, YOUCWC, ZHANG ZHEN JIN COMMUNICATION EQUIPMENT STORED, ZHANGJIEHAOMAOYIYOUXIANZERENGONGSI, ZHENRONG BAIHUO, ZUZU BOOM and 佛山市万飞翔商贸有限公司 a/k/a FOSHAN WANFEIXIANG TRADING CO., LTD., <br><br> *Defendants* | **CIVIL CASE NO. 23-cv-3793 (AS)** <br><br><br> **ORDER REOPENING THE CASE AND DIRECTING THE TURNOVER OF DEFAULTING DEFENDANTS FROM AMAZON** |

**GLOSSARY**

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff** | The Pinkfong Company, Inc. | N/A |
| **Defendants** | ADS-SS, AGQT Direct, Alight Product, AONIMOWUJINDIAN US, Ballizao, BaoKKe, Beautiful Weekend, Blossm, BOLMQHTS, csnsd, Dhekaei, eStarpro, Evergreen for you, GZJF-US-US, haikouwurunxiaoshouyouxiangongsi1, HFCKMYYXGS, jichangzhouxiansui, LEYUAN Store, lizhenmengd, lkjhgfdgfjjgfj, MYRISAM, Satisfying Party US, SLOZVNEG, szslpkj007, TengYi Direct, Tihuprly, WSSERD-US, xiao wen gift, YAMATCH®, Yanqiu us, yanxin123, YOUCWC, Zhang Zhen Jin communication equipment stored, zhangjiehaomaoyiyouxianzerengongsi, zhenrong baihuo, ZUZU BOOM and 佛山市万飞翔商贸有限公司 a/k/a Foshan Wanfeixiang Trading Co., Ltd. | N/A |
| **Defaulting Defendants** | ADS-SS, AONIMOWUJINDIAN US, Ballizao, BaoKKe, Beautiful Weekend, Blossm, BOLMQHTS, csnsd, Dhekaei, Evergreen for you, GZJF-US-US, haikouwurunxiaoshouyouxiangongsi1, HFCKMYYXGS, jichangzhouxiansui, LEYUAN Store, lizhenmengd, lkjhgfdgfjjgfj, Satisfying Party US, SLOZVNEG, TengYi Direct, WSSERD-US, xiao wen gift, YAMATCH®, Yanqiu us, yanxin123, YOUCWC, Zhang Zhen Jin communication equipment stored, zhangjiehaomaoyiyouxianzerengongsi, zhenrong baihuo, ZUZU BOOM and 佛山市万飞翔商贸有限公司 a/k/a Foshan Wanfeixiang Trading Co., Ltd. | N/A |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on May 1, 2023 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on May 5, 2023 | Dkt. 7 |
| **Application** | Plaintiff's e*x parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets | Dkts. 11-13 |

| | (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on May 5, 2023 | |
|---|---|---|
| **Yang Dec.** | Declaration of Su Jeong Yang in Support of Plaintiff's Application | Dkt. 12 |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | Dkt. 13 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery | Dkt. 4 |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Baby Shark Content** | One of Pinkfong's most successful creations, which is the Pinkfong "Baby Shark" song and viral music video with characters | N/A |
| **Baby Shark Applications** | U.S. Trademark Serial Application Nos.: 88/396,786 for registration of "PINKFONG BABY SHARK" for a variety of goods in Class 25; 88/529,984 for registration of "PINKFONG" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32 and 41; 88/530,086 for registration of "BABY SHARK" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32 and 41; 88/594,141 for "PINKFONG" for a variety of goods in Class 5; and | N/A |

| | 88/594,122 for "BABY SHARK" for a variety of goods in Class 5 | |
|---|---|---|
| **Baby Shark Registrations** | U.S. Trademark Registration Nos.: 6,834,502 for "BABY SHARK" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29 and 30; 5,803,108 for "BABY SHARK" for a variety of goods in Class 28; 6,488,471 for "BABY SHARK" for a variety of goods in Classes 9, 16, 25 and 41; 4,515,238 for "BABY SHARK U.S.A" for a variety of goods in Class 28; 5,483,744 for "PINKFONG" for a variety of goods in Classes 3 and 21; 5,327,527 for "PINKFONG" for a variety of goods in Classes 9, 16 and 28; 4,993,122 for "PINKFONG" for a variety of goods in Classes 9 and 25; 6,487,494 for "PINKFONG" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 30 and 41; 6,138,374 for **pinkfong** for a variety of goods in Class 41; 6,337,210 for "PINKFONG BABY SHARK" for a variety of goods in Class 21; 6,343,519 for "PINKFONG BABY SHARK" for a variety of goods in Class 25; 6,503,438 for "PINKFONG" for a variety of goods in Class 5; and 6,495,600 for [musical notation] for a variety of goods in Classes 9 and 41 | N/A |
| **Baby Shark Marks** | The marks covered by the Baby Shark Registrations and Baby Shark Applications | N/A |
| **Baby Shark Works** | U.S. Copyright Registration Nos.: VA 2-130-856, covering Baby Shark; VA 2-130-847, covering Daddy Shark; VA 2-130-854, covering Mommy Shark; VA 2-131-983, covering Pink Fong Mascot | N/A |
| **Baby Shark Products** | A wide variety of consumer products created via an extensive worldwide licensing program such as toys, sound books, t-shirts, associated with and/or related to the Baby Shark Content | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Baby Shark Marks and/or Baby Shark Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Baby Shark Marks and/or Baby Shark Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Baby Shark Marks and/or Baby Shark Works and/or products that are identical or confusingly or substantially similar to the Baby Shark Products | N/A |

iii

| Defendants' Assets | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
|---|---|---|
| Defendants' Financial Accounts | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| Financial Institutions | Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") | N/A |
| Third Party Service Providers | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| Plaintiff's Motion for Default Judgment | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on October 5, 2023 | Dkts. 38-41 |
| Nastasi Aff. | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | Dkt. 39 |

This matter comes before the Court by motion filed by Plaintiff for an Order reopening the case and directing the turnover of Defaulting Defendants' Assets held by Amazon, to be applied on account of the judgment in the amount of $50,000.00 against each and every Defaulting Defendant entered on November 8, 2023, pursuant to N.Y. C.P.L.R. § 5225, made applicable under Fed. R. Civ. P. Rule 69(a).

The Court, having considered the Memorandum of Law, Declaration of Gabriela N. Nastasi and all accompanying exhibits thereto, the Court hereby GRANTS the Motion to Reopen the Case and for a Turnover Order.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1)  The restraints on Defaulting Defendants' Financial Accounts held by Amazon are lifted for the sole purpose of effecting the transfer of all Defaulting Defendants' Assets to Plaintiff; and

2)  Amazon shall turn over all of Defaulting Defendants' Assets held in Defaulting Defendants' User Accounts with Amazon, or so much of it as is sufficient to satisfy the judgment to Plaintiff.

The Clerk of Court is directed to terminate the motion at Dkt. 48.

**SO ORDERED.**

Dated: February 29, 2024

_____

HON. ARUN SUBRAMANIAN
UNITED STATES DISTRICT JUDGE